JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Matthew Carr, Terry Carr, David Tumblin and Gregory Brown, individually and on behalf of all similarly situated individuals,

**DEFENDANTS**
Flowers Foods, Inc. and Flowers Baking Co. of Oxford, LLC

(b) County of Residence of First Listed Plaintiff   Franklin County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Thomas County, GA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA  19106  (215) 592-1500

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. Sections 201, et seq.
Brief description of cause:
Wage and hour violation

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ in excess of $5,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   12/01/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b)    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c)    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
     United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
     United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
     Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
     Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin.** Place an "X" in one of the six boxes.
     Original Proceedings. (1) Cases which originate in the United States district courts.
     Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
     Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
     Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
     Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
     Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
     Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
     Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: _8717 Antrim Church Road, Greencastle, PA 17225_

Address of Defendant: _1919 Flowers Circle, Thomasville, GA 31757_

Place of Accident, Incident or Transaction: _Greencastle, PA_
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    No☒

Does this case involve multidistrict litigation possibilities?    Yes☒    No☐
*RELATED CASE, IF ANY:*
Case Number: _____    Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐    No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐    No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐    No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐    No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
   (Please specify) _FLSA - 29 U.S.C. Sections 201, et. seq._

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, _Charles E. Schaffer_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _12/01/2015_    _Attorney-at-Law_    _76259_
                                                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _12/01/2015_    _Attorney-at-Law_    _76259_
                                                Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Matthew Carr, Terry Carr,<br>David Tumblin and Gregory Brown,<br>individually and on behalf of all similarly<br>situated individuals | : <br> : <br> : <br> : <br> : | CIVIL ACTION |
| v. <br> Flowers Foods, Inc. and Flowers<br>Baking Co. of Oxford, LLC | : <br> : <br> : <br> : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)          (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.        ( )


| | | |
|---|---|---|
| 12/01/2015 | Charles E. Schaffer | Plaintiffs, Matthew Carr, Terry Carr,<br>David Tumblin and Gregory Brown |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 592-1500 | (215) 592-4663 | cschaffer@lfsblaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

     (a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

     (b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

     (c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

     (d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

     (e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
## (See §1.02 (e) Management Track Definitions of the
## Civil Justice Expense and Delay Reduction Plan)

    Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW CARR, TERRY CARR, DAVID TUMBLIN, and GREGORY BROWN individually and on behalf of all similarly situated individuals,<br><br>                                    Plaintiffs,<br><br>-v-<br><br>FLOWERS FOODS, INC. and FLOWERS BAKING CO. OF OXFORD, LLC<br><br>                                    Defendants. | Court File No. _____<br><br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>(EQUITABLE RELIEF SOUGHT) |

Plaintiffs, on behalf of themselves and other similarly situated individuals, by and through their undersigned counsel, file this Class and Collective Action Complaint and aver as follows:

## NATURE OF ACTION

1.      This is a Class and Collective Action Complaint brought to obtain declaratory, injunctive and monetary relief resulting from Defendants' misclassification of their Pennsylvania and Maryland bakery distributor drivers ("Distributors") as "independent contractors." Defendants Flowers Foods, Inc., and Flowers Baking Co. of Oxford, LLC, and their subsidiaries and affiliates (collectively "Flowers" or "Defendants") are in the wholesale bakery business and rely on Distributors to deliver to and stock bakery goods in grocery stores, mass retailers, and fast food chains.  Plaintiffs allege violations of the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; violations of Pennsylvania Wage Laws, 43 P.S. §§ 260.1 *et seq.* and 333.101 *et seq.*, violations of Maryland Wage Laws, Md. Code Ann., Lab. & Emply. §§ 3-401 *et seq.* and 3-501 *et seq.*, violations of Pennsylvania and Maryland common law; and seek

1

Declaratory Judgment pursuant to 28 U.S.C. § 2201 and 42 P.S. § 7531, *et seq.* and Md. Code Ann., Cts. and Jud. Proc., § 3-401, *et seq.*

2.      Defendants employ "Distributors" to deliver fresh baked goods and certain cake products to Defendants' customers.  In addition to delivering Flowers' products to Defendants' customers, Distributors stock the products on store shelves and assemble promotional displays designed and provided by Defendants.

3.      Plaintiffs bring their Pennsylvania state statutory and common law claims on behalf of a proposed opt-out class pursuant to Federal Rule of Civil Procedure 23 ("Pennsylvania Rule 23 Class") consisting of all persons who worked as Distributors for Defendants in the state of Pennsylvania at any time in the three years prior to the filing of this Complaint.

4.      Plaintiffs bring their Maryland state statutory and common law claims on behalf of a proposed opt-out class pursuant to Federal Rule of Civil Procedure 23 ("Maryland Rule 23 Class") consisting of all persons who worked as Distributors for Defendants in the state of Maryland at any time in the three years prior to the filing of this Complaint.

5.      Plaintiffs also bring this action as an opt-in collective action on behalf of Plaintiffs and all similarly situated individuals for violations of the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA Collective Class"), consisting of all persons who worked as Distributors for Defendants in the state of Pennsylvania and Maryland at any time within three years prior to the filing of this Complaint.

6.      This action challenges both the classification of Distributors as independent contractors and Defendants' denial to Plaintiffs, the Rule 23 Classes, and the FLSA Collective Class (together, the "Classes" or the "proposed Classes") of the rights, obligations, privileges and

benefits, including overtime compensation, owed to them as employees under the respective state and federal laws.

## PARTIES

7.     Plaintiff Matthew Carr is a resident of Franklin County, Pennsylvania who works as a Distributor for Flowers in Pennsylvania. He performs delivery and merchandizing services to local retailers of bakery and snack food products manufactured or sold by Flowers. Plaintiff Carr operates out of a distribution center run by Flowers located in York Springs, Pennsylvania. Plaintiff Carr regularly worked 50–60 hours per week and did not receive overtime premium pay at any time during the class periods.

8.     Plaintiff Terry Carr is a resident of Franklin County, Pennsylvania who works as a Distributor for Flowers in Pennsylvania. He performs delivery and merchandizing services to local retailers of bakery and snack food products manufactured or sold by Flowers. Plaintiff Carr operates out of a distribution center run by Flowers located in Fredrick, Maryland.  Plaintiff Carr delivers products to stores in both Maryland and Pennsylvania. Plaintiff Carr regularly worked 50–60 hours per week and did not receive overtime premium pay at any time during the class periods.

9.     Plaintiff Gregory Brown is a resident of Carroll County, Maryland who works as a Distributor for Flowers in Maryland. He performs delivery and merchandizing services to local retailers of bakery and snack food products manufactured or sold by Flowers. Plaintiff Brown operates out of a distribution center run by Flowers Baking Co. of Oxford LLC.   Plaintiff Brown regularly worked 50–60 hours per week and did not receive overtime premium pay at any time during the class periods.

10.     Plaintiff David Tumblin is a resident of Jefferson County, West Virginia who works as a Distributor for Flowers in Maryland. He performs delivery and merchandizing services to local retailers of bakery and snack food products manufactured or sold by Flowers. Plaintiff Tumblin operates out of a distribution center run by Flowers Baking Co. of Oxford LLC. Plaintiff Tumblin regularly worked 50–60 hours per week and did not receive overtime premium pay at any time during the class periods.

11.     Flowers Foods, Inc. is a Georgia corporation with its principal place of business at 1919 Flowers Circle, Thomasville, Georgia, 31757. Flowers Foods hires individuals, whom it classifies as independent contractors, to distribute its products by delivering them to grocery stores and stocking the products on store shelves. Flowers Foods, Inc. employs distributors in 31 states throughout the southern and eastern parts of the United States.  Flowers Foods is and at all relevant times was the employer of Plaintiffs and the FLSA Collective Class and Rule 23 Classes under Pennsylvania and Maryland law.

12.     Flowers Baking Co. of Oxford, LLC is a Delaware corporation with its principal place of business at 700 Lincoln Street, Oxford, PA 19363.  Flowers Baking Co. of Oxford, LLC is a wholly owned subsidiary of Flowers Foods, Inc.  Flowers Baking Co. of Oxford, LLC hires individuals, whom it classifies as independent contractors, to deliver and stock bakery and snack food products from its Pennsylvania and Maryland distribution centers.  Flowers Baking Co. of Oxford, LLC is and at all relevant times was an employer under Pennsylvania and Maryland law.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1367, supplemental jurisdiction for the Pennsylvania and Maryland claims.

14.     This Court also has jurisdiction over the claims asserted in this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) because, based upon information and belief, the proposed class contains more than 100 members, the aggregate amount in controversy exceeds $5 million, and Defendant Flowers Foods, Inc. is from a different state from Plaintiffs.

15.     Venue is proper in this Court under 28 U.S.C §§ 1391(b)(2) and 1391(c) because a substantial part of the events giving rise to the claim occurred in this district.

## FACTUAL BASIS

16.     Defendant Flowers Foods, Inc. is a corporation whose business consists of developing, baking, and distributing bakery and snack food products to retail customers, using a centralized network of communication, distribution, and warehousing facilities.  Distributors are integrated into Flowers' existing network of operations. One of Defendant Flowers Foods's bakeries and warehouses are operated by Defendant Flowers Baking Co. of Oxford, LLC.

17.     Defendant Flowers Foods, by and through its subsidiaries such as Defendant Flowers Baking Co. of Oxford, LLC, ships bakery and snack products to warehouses. Distributors, such as Plaintiffs and members of the proposed Classes, arrive at a warehouse early in the morning and load their vehicles with Defendants' products.

18.     The Distributors then deliver the product to Defendants' retailer-customers at the time and place specified by Defendants.

19.     The distribution agreement between Defendants and its Distributors (including Plaintiffs) has no specific end date and can be terminated by either party at any time with limited notice.

20.     Defendant Flowers Foods markets its bakery and snack products to retailers such as Wal-Mart, Harris Teeter, Target, Dollar General, and other grocery stores and mass merchants. Defendant Flowers Foods negotiates with the retailers to set virtually all terms of the relationship including:

    a)     wholesale and retail prices for products;

    b)     service and delivery agreements;

    c)     shelf space to display products;

    d)     product selection;

    e)     promotional pricing for products;

    f)     the right to display promotional materials;

    g)     print advertisements in retailers' newspaper ads; and

    h)     virtually every other term of the arrangement.

21.     In some cases, Flowers Foods negotiates and agrees with retailers and fast food restaurants to manufacture and distribute the retailer's store brand (or private label) bread products.

22.     Defendant Flowers Foods often negotiates the above terms for fresh-baked bread and snack products (which are distributed by Plaintiffs and members of the proposed Classes) at the same time as it negotiates terms for its shelf-stable snack products (which are not distributed by Plaintiffs). The result is that Distributors' job duties and ability to earn income is tied directly to the sale and promotion of products outside of their control.

23.     Some fresh-baked products are identical to shelf stable products. For example, Defendants manufacture, sell, and distribute pecan rolls that are identical (from the same batch at a factory) through both fresh (DSD) and shelf-stable (warehouse) distribution channels. But

6

Flowers sells the warehouse branded product at a lower price than the fresh branded product in direct competition with Distributors.

24.     The relationship between each member of the proposed Classes and Defendant is essentially the same in material respects.

25.     Flowers Foods, Inc. reserved the right to control Plaintiffs and the members of the proposed Classes in the performance of the manner and means of their work.

26.     The work performed by Plaintiffs and Distributors simultaneously benefits or benefited both Flowers Foods, Inc. and any Flowers subsidiary with whom the Distributor entered a distributor agreement.   Plaintiffs and Distributors were hired for the purpose of distributing products for Flowers Foods, Inc.

27.     Plaintiffs and members of the proposed Classes must strictly follow Defendants' instructions and adhere to the pricing, policies, and procedures negotiated between Defendants and their retailer-customers.

28.     Distributors use Defendants' hand-held computer to log the delivery, and Defendants bill customers using the data entered into the computer by the Distributors. The terms of the sale are negotiated between Defendants and its retailer-customer.

29.     Distributors place Defendants' products on the retailer-customer's shelves, remove stale or rejected product, and organize the retailer-customer's display shelf. If Defendants are running a sale or promotion, the Distributor also constructs and stocks the promotional display.

30.     Defendants retain the exclusive right to control the manner and means by which Plaintiffs and the Distributors perform their jobs.

31.     Defendants represented to Plaintiffs and other Distributors that they would run their businesses independently, have the discretion to use their business judgment, and have the ability to manage their businesses to increase profitability.

32.     Contrary to its representations, Defendants denied Plaintiffs and other Distributors benefits of ownership and entrepreneurial skill by retaining and exercising the following rights:

a)     the right to negotiate the wholesale price for the purchase and sale of products;

b)     the right to negotiate shelf space in the stores in the Distributor's territory;

c)     the right to negotiate the retail sale price for products;

d)     the right to establish all sales and promotions and to require Distributors to follow them;

e)     the right to change orders placed by Distributors, to require them to pay for product they did not order, load it on their trucks, deliver it to stores, maintain the product in the store, remove the product from the store, and return it to the warehouse for credit; Distributors who did not attempt to distribute the extra product were billed for the full wholesale price of that product;

f)     the right to assign delivery stops to each Distributor in a particular order and require Distributors to get approval for following a different order;

g)     the right to discipline Distributors, up to and including termination, for reasons including hiring employees to run their routes, taking time off work, or for refusing a specific order to deliver a product to a particular store at a particular time;

8

h)      the right to handle customer complaints against the Distributor and to take disciplinary action;

i)      the right to withhold pay for certain specified expenses;

j)      the right to unilaterally terminate the employment relationship;

k)      the right to unilaterally vary the standards, guidelines, and operating procedures; and

l)      various other rights reserved by Defendants.

33.      Plaintiffs and members of the Classes were, or are, required to accept Defendants' conditions of employment or face termination.

34.      In another example, Defendants routinely modify a Distributor's product orders to increase the amount of the order. If a Distributor refuses the additional product, Defendants bill the Distributor for the product and deduct the cost from the Distributor's wages.

35.      Defendants require the Distributors to process all transactions through a hand-held computer it provides to them. The hand held computer controls the product prices, maintains customer information, tracks mileage, and monitors business performance.

36.      Defendants control the Plaintiffs' and Distributors' opportunities for profit or loss both by controlling wholesale pricing and negotiating retail pricing. Specifically, Defendants negotiate the sale of its products with major retailers. Plaintiffs and members of the Classes then deliver the products to store locations per the agreement between Defendants and the retailer. Plaintiffs lack discretion as to what products to distribute to a particular store, whether to run sales or promotions, how frequently to service stores, and similar discretion that would allow them to increase (or decrease) the profitability of their work.

37.     Distributors' investment in equipment to operate their route is relatively low. Many distributors use their personal vehicles and a trailer or a small box truck to transport Flowers products to retailers. Apart from the purchase of a small trailer or small box truck, there is no other investment necessary because Defendants provide computer equipment, administrative support, warehouse space, advertisements, promotional materials, bakery trays, market advice, strategic development, and virtually every other business necessity. Plaintiffs and Distributors typically drive a small box truck five days a week, and routinely use their small personal cars to transport Flowers products. Defendants even arrange for insurance and vehicle financing on behalf of Distributors; Distributors pay for the insurance through wage deductions.

38.     The distribution job performed by Plaintiffs and Distributors does not require specialized skills.

39.     Plaintiffs and Distributors provide services that are an integral part of Defendants' enterprise, a baked goods distribution system.

40.     Despite their pervasive control over the means and manner of the Plaintiffs' and Distributors' work, Defendants have uniformly classified all Distributors as "independent contractors."

41.     Because they were misclassified as non-employees, Plaintiffs and Distributors were denied the rights and benefits of employment, including, but not limited to overtime premium wages.

42.     Plaintiffs and Distributors have incurred expenses for equipment, insurance, product loss, product return, and other expenses that Defendants have required them to purchase or pay, or that are necessary for their work.

43.     Plaintiffs and Distributors work, on average, a total of 50–55 hours during a seven-day workweek for which no Plaintiff or, upon information and belief, member of the proposed Classes has received overtime premium wages.

44.     Defendants' mischaracterization of the Distributors as "independent contractors," the concealment or non-disclosure of the true nature of the relationship between Defendants and the Distributors, and the attendant deprivation of substantial rights and benefits of employment are part of an on-going unlawful practice by Defendants which this Court should enjoin.

## COLLECTIVE ACTION ALLEGATIONS

45.     Plaintiffs bring Count I of this Complaint as a collective action, alleging violations of the FLSA on behalf of themselves and all similarly situated individuals.   The proposed FLSA Collective Class is defined as:

> All persons who are or have performed work as "Distributors" for either Defendant in the State of Pennsylvania and in the State of Maryland under a "Distributor Agreement" or a similar written contract that they entered into during the period commencing three years prior to the filing of this Complaint through the trial in this action.

Plaintiffs reserve the right to modify this definition prior to conditional certification of the FLSA Collective Class.

46.     Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).  Plaintiffs' signed consent forms are attached as Exhibit A.

47.     Plaintiffs and members of the FLSA Collective Class are similarly situated in that they signed a Distributor Agreement or similar contract, have substantially similar job requirements, pay provisions, and are subject to Defendants' pervasive right to control their daily job functions.

48.     Plaintiffs and members of the FLSA Collective Class routinely worked in excess of forty (40) hours in a week without overtime compensation.

49.     Plaintiffs and members of the FLSA Collective Class routinely drove their personal vehicle in the performance of their work for Defendants and/or drove a box truck with a gross motor vehicle weight of 10,000 pounds or less.

50.     Upon information and belief, Defendants knew that Plaintiffs and all similarly situated individuals performed work that required overtime pay and knowingly and willfully failed to pay Plaintiffs and similarly situated individual's overtime wages due and owing.

51.     Defendants have therefore operated under a scheme to deprive Plaintiffs and the FLSA Collective Class of overtime compensation by failing to properly compensate them for all time worked.

52.     Defendants' conduct, as set forth in this Complaint, was willful and has caused significant damages to Plaintiffs and the FLSA Collective Class.

53.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and all similarly situated individuals, and notice of this lawsuit should be sent to them. Those similarly situated individuals are known to Defendants and are readily identifiable through Defendants' payroll records.

## CLASS ACTION ALLEGATIONS

54.     Plaintiffs Matthew Carr and Terry Carr bring this Complaint as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a "Pennsylvania Rule 23 Class" defined as follows:

> All persons who are or have performed work as "Distributors" for Defendants in the State of Pennsylvania under a "Distributor Agreement" or a similar written contract during the period commencing three years prior to the filing of this Complaint through the trial in this action.

Plaintiffs reserve the right to redefine the Rule 23 Class prior to class certification.

55.     Plaintiffs Tumblin and Brown bring this Complaint as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a "Maryland Rule 23 Class" defined as follows:

> All persons who are or have performed work as "Distributors" for Defendants in the State of Maryland under a "Distributor Agreement" or a similar written contract during the period commencing three years prior to the filing of this Complaint through the trial in this action.

Plaintiffs reserve the right to redefine the Rule 23 Class prior to class certification.

56.     Numerosity: Members of the Rule 23 Classes are so numerous that their individual joinder is impracticable. The precise number of Class members is unknown to Plaintiffs. However, upon information and belief, each class is in excess of 100 individuals. The true number of Class members is, however, likely to be known by Defendants, and thus, Class members may be notified of the pendency of this action by first class mail, electronic, and published notice.

57.     Commonality: There are numerous questions of law and fact common to Plaintiffs and the Rule 23 Classes; those questions predominate over any questions that may affect individual Class members, and include the following:

a)      Whether Plaintiffs and members of the Rule 23 Classes have been misclassified as independent contractors and actually were or are employees of Defendants;

b)      Whether Defendants have violated the rights of Plaintiffs and members of the Rule 23 Classes under the Pennsylvania Wage Laws and Maryland Wage Laws by making illegal deductions from their wages, depriving

them of overtime and other benefits of being employees, and requiring them to pay Defendants' expenses;

c)   Whether Plaintiffs and members of the Rule 23 Classes are entitled to injunctive relief prohibiting Defendants from making illegal deductions from the wages of Plaintiffs and members of the Class;

d)   Whether Plaintiffs and members of the Rule 23 Classes are entitled to declaratory relief declaring that they are employees of Defendants;

e)   Whether Plaintiffs and members of the Rule 23 Classes are entitled to injunctive relief requiring Defendants to convey to Plaintiffs and the Class the rights, privileges and benefits of employees.

58.   Typicality: Plaintiffs' claims are typical of the other members of the Rule 23 Classes. Plaintiffs are informed and believe that, like other distributors, Plaintiffs were misclassified as "independent contractors" when they actually were statutory and common-law employees, and were therefore deprived the protections of employee status under the law. Plaintiffs had the same duties and responsibilities as other Rule 23 Class members, and were subject to the same policies and practices, and the same or substantially similar conditions of employment.

59.   Adequacy: Plaintiffs will adequately represent the interests of the Rule 23 Classes. They have been treated in the same manner as other Class members by Defendants and have been damaged by this treatment in the same manner as other Class members by their loss of overtime premium wages, their exclusion from employee compensation programs, plans and agreements, and their payment of Defendants' expenses. Plaintiffs are committed to vigorously

prosecuting this action. Plaintiffs have retained attorneys who are well qualified to handle lawsuits of this type. Plaintiffs have no interests that are adverse to those of the Rule 23 Classes.

60.     Predominance: This case should be certified as a class action because the common questions of law and fact concerning Defendants' liability predominate over any individual questions, including the amount of damages incurred by each person.

61.     Superiority: A class action is the only realistic method available for the fair and efficient adjudication of the claims of the Rule 23 Classes. The expense and burden of individual litigation makes it impracticable for members of the Rule 23 Classes to seek redress individually for the wrongful conduct alleged in this Complaint. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be contrary to the interest of justice and equity. Litigating these claims in a single action will streamline discovery and avoid needless repetition of evidence at trial.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
### Overtime Violations

(Brought by Plaintiffs on behalf of themselves and the FLSA Collective Class)

62.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

63.     Section 207(a)(1) of the FLSA provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

64.     Plaintiffs and the FLSA Collective Class routinely drive or drove their personal vehicles for work and therefore there are no exemptions applicable to the FLSA Collective Class.

65.     For purposes of the FLSA, the employment practices of Defendants were and are uniform in all respects material to the claims asserted in this Complaint throughout the State of Pennsylvania.

66.     Plaintiffs and the other members of the FLSA Collective Class, either regularly or from time to time, worked more than 40 hours per week, but did not receive overtime pay.

67.     At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

68.     In committing the wrongful acts alleged to be in violation of the FLSA, Defendants acted willfully in that they knowingly, deliberately, and intentionally failed to pay overtime premium wages to Plaintiffs and other members of the FLSA Collective Class.

69.     As a result of Defendants' failure to pay overtime premium wages, Plaintiffs and the other members of the FLSA Collective Class were damaged in an amount to be proved at trial.

70.     Therefore, Plaintiffs demand that they and the other members of the FLSA Collective Class be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus interest, damages, penalties, and attorneys' fees as provided by law.

<u>COUNT II</u>
**DECLARATORY JUDGMENT**
(Brought by Plaintiffs Matthew Carr and Terry Carr on behalf of themselves and the
Pennsylvania Rule 23 Class)

71.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding Paragraphs.

72.     Under the relevant laws of the United States and Pennsylvania, Defendants have misclassified Plaintiffs and Rule 23 Class members as independent contractors rather than employees; therefore, pursuant to 28 U.S.C. § 2201 and 42 P.S. § 7531, *et seq.*, this court should issue a declaratory judgment establishing that the Plaintiffs and Rule 23 Class members are or were employees of Defendant, and that the Plaintiffs and Rule 23 Class members are or were therefore entitled to all the rights and benefits of employment pursuant to the laws of the United States and Pennsylvania.

## COUNT III
## DECLARATORY JUDGMENT
(Brought by Plaintiffs Tumblin and Brown on behalf of themselves and the Maryland Rule 23 Class)

73.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding Paragraphs.

74.     Under the relevant laws of the United States and Maryland, Defendants have misclassified Plaintiffs and Rule 23 Class members as independent contractors rather than employees; therefore, pursuant to 28 U.S.C. § 2201 and Md. Code Ann., Cts. and Jud. Proc., § 3-401, *et seq.*, this court should issue a declaratory judgment establishing that the Plaintiffs and Rule 23 Class members are or were employees of Defendant, and that the Plaintiffs and Rule 23 Class members are or were therefore entitled to all the rights and benefits of employment pursuant to the laws of the United States and Maryland.

## COUNT IV
## VIOLATION OF PENNSYLVANIA WAGE LAWS
### 43 P.S. §§ 260.1 *et seq.* and 333.101 *et seq.*
(Brought by Plaintiffs Matthew Carr and Terry Carr on behalf of themselves and the Pennsylvania Rule 23 Class)

75.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding Paragraphs.

76.     As established above, Plaintiffs and the Rule 23 Class members are employees, not independent contractors.

77.     It is unlawful under 43 P.S. § 260.3(a) for an employer to require or permit an employee to work without paying compensation for all hours worked.

78.     It is unlawful under 43 P.S. § 333.104(c) for an employer to require or permit a non-exempt employee to work in excess of 40 hours per week without paying overtime.

79.     It is unlawful under 34 Pa. Admin. Code § 9.1 for an employer to deduct from wages except for those specifically enumerated in the regulation, or, for those not enumerated, the employer must have received the written approval of the employee as well as authorization from the Pennsylvania Department of Labor.

80.     The position of Distributors does not meet the standards for any exemption under Pennsylvania Wage Law, 43 P.S. § 333.105.

81.     Defendants, through their policies and practices described above, willfully violated Pennsylvania Wage Laws throughout the statutory period, and continuing through the present, as follows:

      a.     By failing to pay the Plaintiffs and other members of the Rule 23 Class their earned wages for all hours worked, in violation of 43 P.S. § 260.3(a);

      b.     By failing to pay the Plaintiffs and other members of the Rule 23 Class overtime pay at the rate of time and one-half their regular rate of pay for all hours of overtime worked, in violation of 43 P.S. § 333.104(c);

      c.     By making deductions from Plaintiffs' wages in violation of 34 Pa. Admin. Code § 9.1, including, but not limited to, deductions for

warehouse fees, fuel, stale product, vehicle payments, inventory charges, "charge backs," and distributor fees;

d.  By failing to make, keep, and preserve accurate time records with respect to the Plaintiffs and other members of the Rule 23 Class sufficient to determine their wages and hours in violation of 43 P.S. § 333.108;

e.  By failing to provide lawful notice to the Plaintiffs and other members of the Rule 23 Class of its policies and practices or of any change in its policies and practices concerning compensation in violation of 43 P.S. § 260.4; and

f.  By other practices in violation of Pennsylvania law.

82.  Defendants' actions, described above constitute continuing violations of Pennsylvania's Wage Laws.

83.  As set forth above, the Plaintiffs and other members of the Rule 23 Class have sustained losses in compensation as a proximate result of defendants' violations of Pennsylvania Law. Accordingly, the Plaintiffs, on behalf of themselves and the Rule 23 Class members, seek damages in the amount of their unpaid earned compensation, including for amounts unlawfully deducted, plus liquidated damages, as provided by 43 P.S. §§ 333.113, 260.9a and 260.10 and 34 Pa. Admin. Code § 9.3, as well as for penalties as provided by law under 43 P.S. §§ 333.112 and 260.9a.

84.  Plaintiffs, on behalf of themselves and Rule 23 Class members, seek recovery of their attorneys' fees and costs, as provided by 43 P.S. §§ 333.113 and 260.9a(f).

## COUNT V
## VIOLATION OF MARYLAND WAGE LAWS
### Md. Code Ann., Lab. & Emply. §§ 3-401 *et seq.* and 3-501 *et seq.*
(Brought by Plaintiffs Tumblin and Brown on behalf of themselves and the Maryland
Rule 23 Class)

85.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding Paragraphs.

86.     As established above, Plaintiffs and the Rule 23 Class members are employees, not independent contractors.

87.     It is unlawful under Md. Code Ann., Lab. & Emply. § 3-502 for an employer to require or permit an employee to work without paying compensation for all hours worked.

88.     It is unlawful under Md. Code Ann., Lab. & Emply. § 3-415(a) for an employer to require or permit a non-exempt employee to work in excess of 40 hours per week without paying overtime.

89.     It is unlawful under Md. Code Ann., Lab. & Emply. § 3-503 for an employer to deduct from wages unless the deduction is: (1) ordered by a court of competent jurisdiction; (2) authorized expressly in writing by the employee; (3) allowed by the Commission because the employee has received full consideration for the deduction; or (4) otherwise made in accordance with any law or any rule or regulation issued by a governmental unit.

90.     The position of Distributors does not meet the standards for any exemption under Maryland Wage Law, Md. Code Ann., Lab. & Emply. § 3-415(c).

91.     Defendants, through their policies and practices described above, willfully violated Maryland Wage Laws throughout the statutory period, and continuing through the present, as follows:

    a.    By failing to pay the Plaintiffs and other members of the Rule 23 Class their earned wages for all hours worked, in violation of Md. Code Ann., Lab. & Emply. § 3-502;

    b.    By failing to pay the Plaintiffs and other members of the Rule 23 Class overtime pay at the rate of time and one-half their regular rate of pay for all hours of overtime worked, in violation of Md. Code Ann., Lab. & Emply. § 3-415(a);

    c.    By making deductions from wages in violation of Md. Code Ann., Lab. & Emply. § 3-503, including, but not limited to, deductions for warehouse fees, fuel, stale product, vehicle payments, inventory charges, "charge backs," and distributor fees;

    d.    By failing to make, keep, and preserve accurate time records with respect to the Plaintiffs and other members of the Rule 23 Class sufficient to determine their wages and hours in violation of Md. Code Ann., Lab. & Emply. § 3-424;

    e.    By failing to provide lawful notice to the Plaintiffs and other members of the Rule 23 Class of its policies and practices or of any change in its policies and practices concerning compensation in violation of Md. Code Ann., Lab & Emply. § 3-504; and

    f.    By other practices in violation of Maryland law.

92.    Defendants' actions, described above constitute continuing violations of Maryland's Wage Laws.

93.     As set forth above, the Plaintiffs and other members of the Rule 23 Class have

sustained losses in compensation as a proximate result of defendants' violations of Maryland

Law.  Accordingly, the Plaintiffs, on behalf of themselves and the Rule 23 Class members, seek

damages in the amount of their unpaid earned compensation, including for amounts unlawfully

deducted, plus liquidated damages, as provided by Md. Code Ann., Lab. & Emply. §§ 3-427 and

3-507.2. *See Marshall v. Safeway Inc.*, 88 A.3d 735, 745-46 (Md. Ct. App. 2014) (holding the

remedies of § 3-507.2 apply to unlawful deductions under § 3-503).

94.     Plaintiffs, on behalf of themselves and Rule 23 Class members, seek recovery of

their attorneys' fees and costs, as provided by Md. Code Ann., Lab. & Emply. §§ 3-427 and 3-

507.2

## COUNT VI
### (In the Alternative)
### RESCISSION OF OPERATING AGREEMENT AND UNJUST ENRICHMENT
(Brought by Plaintiffs on behalf of themselves and the Pennsylvania and Maryland Rule 23
Classes)

95.     Plaintiffs re-allege and incorporates by reference each and every allegation set

forth in the preceding Paragraphs.

96.     As shown above, despite the express terms of the Distribution Agreement,

Plaintiffs' and the Rule 23 Class members' relationship with Defendants satisfies the test for

employment and not for independent contractor status.

97.     As a result of this mischaracterization, Plaintiffs and the Rule 23 Class have been

deprived of the benefits of employment and have been forced to pay substantial sums of their

own money for work-related expenses.

98.     The Distribution Agreement is therefore void as against the public policy of

Maryland and must be rescinded.

99.     By misclassifying its employees as "independent contractors," and further by requiring those employees to pay Defendants' own expenses, Defendants have been unjustly enriched.

**100.**     Plaintiffs and the Rule 23 Class have rendered services to the Defendants, with the Defendants knowledge, and under circumstances that make it reasonable for Plaintiffs and the Rule 23 Class to expect payment and inequitable for the Defendants to retain.  Plaintiffs and the Rule 23 Class are therefore entitled to the *quantum meruit* value of the services rendered to Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request of this Court the following relief on behalf of themselves, all members of the Classes and all other similarly situated individuals:

a.     Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

b.     Judgment that Plaintiffs and those similarly situated are non-exempt employees entitled to protection under the FLSA;

c.     Judgment against Defendants for violation of the overtime provisions of the FLSA;

d.     Judgment that Defendants' violations of the FLSA were willful;

e.     An Order certifying the Rule 23 Classes, appointing Plaintiffs as Class Representatives, and appointing the undersigned counsel of record as Class Counsel;

f.      An Order for declaratory and injunctive relief designating the Plaintiffs and members of the Rule 23 Classes as employees and enjoining Defendants from pursuing the illegal policies, acts and practices described in this Complaint;

g.      An Order declaring the Defendants' conduct as willful, not in good faith and not based on reasonable grounds;

h.      An Order requiring Defendants to compensate Plaintiffs and the other members of the Classes for the reasonable value of the benefits Plaintiffs provided to Defendants;

i.      Reimbursement of unpaid wages at overtime rates for all overtime work as described in this Complaint;

j.      Reimbursement of illegal deductions from Plaintiffs and the Rule 23 Classes' wages;

k.      Equitable restitution in the form of ill-gotten gains;

l.      Payment of any penalties or other amounts under any applicable laws, statutes or regulations, including but not limited to liquidated damages;

m.     Judgment in favor of each Class member for damages suffered as a result of the conduct alleged herein, to include pre-judgment interest;

n.      Award Plaintiffs reasonable attorneys' fees and costs;

o.      Award Plaintiffs and the other members of the Classes punitive damages in an amount to be determined at trial; and

p.      Grant such other and further legal and equitable relief as this Court deems just and necessary.

Dated: December 1, 2015

Charles E. Schaffer
LEVIN FISHBEIN, SEDRAN & BERMAN

24

510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500
Facsimile:  (215) 592-4663

BAILLON THOME JOZWIAK & WANTA LLP
Shawn J. Wanta
Patricia A. Bloodgood
Christopher D. Jozwiak
100 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 252-3570
Facsimile: (612) 252-3571


LOCKRIDGE GRINDAL NAUEN P.L.L.P.
Susan E. Ellingstad
Rachel A. Kitze Collins
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

Attorneys for Named Plaintiffs