## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MATTHEW CARR, TERRY CARR, DAVID TUMBLIN AND GREGORY BROWN, on behalf of themselves and others similarly situated,**<br>Plaintiffs,<br><br>v.<br><br>**FLOWERS FOODS, INC. FLOWERS BAKING CO. OF OXFORD, INC.,**<br>Defendants. | **CIVIL ACTION**<br><br><br><br>**NO.  15-6391** |

**O R D E R**

 **AND NOW**, this 7th day of May, 2019, upon consideration of Defendants' Motion for an Order to Show Cause Why Fair Labor Standards Act ("FLSA") Claims of Non-Responding Opt-in Plaintiffs Should Not be Dismissed with Prejudice (ECF No. 285), Defendants' subsequent Notice of Non-Opposition (ECF No. 296), named Plaintiffs' Response (ECF No. 300), and Defendants' subsequent Notice (ECF No. 301), and the lack of any response to date from the Non-Responding Opt-In Plaintiffs, **IT IS ORDERED** that the FLSA claims of the Non-Responding Opt-In Plaintiffs, Joe Ayers, Boghos Balanian, Michael Carabellese, Scott Clements, Dantaye Davis, Peter Filippi, Barry Galvin, Eweld Giron, Leonardo Haywood, Eric Herdeman, Jeremy Hix, Terry Honaker, Gabriel Jennings, Thomas Passwater Jr., Andre Ruffin, and Rhys Williams, are **DISMISSED WITHOUT PREJUDICE**.[1]

            **BY THE COURT:**


            **/S/WENDY BEETLESTONE, J.**

            _____
            **WENDY BEETLESTONE, J.**

---

[1] Defendants move to dismiss these opt-in plaintiffs' FLSA claims with prejudice pursuant to Fed. R. Civ. P. 41(b), for failure to provide discovery or otherwise prosecute their case.  "[D]ismissals with prejudice or defaults are drastic sanctions" that "must be a sanction of last, not first, resort."  *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d

863, 867 (3d Cir. 1984).  To determine whether dismissal is appropriate, courts look to the following factors: (1) the extent of the *party*'s personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense."  *Id.* at 868.

The individuals at issue filed notices opting-in to the FLSA collective action in early 2017, but have subsequently failed to respond to discovery requests or otherwise participate in this litigation.  Counsel for the FLSA collective has withdrawn their representation of these individuals, citing the individuals' incommunicativeness and failure to provide discovery.  The individuals have also been served with the instant motion, but have not provided any response to the Court.

Under these circumstances, the first and third *Poulis* factors weigh in favor of dismissal, since the individuals themselves are responsible for their failure to prosecute, and they have exhibited a pattern of non-engagement in this litigation since at least late 2017, when Defendants issued their discovery requests.  The second factor, too, weighs in favor of dismissal, because the individuals' failure to provide discovery has prejudiced Defendants' ability to defend by impeding factual development.  As to the fourth factor, there is no indication of bad faith.  Rather, it appears that, after signing a brief opt-in statement, the individuals have simply withdrawn from participating in this litigation.  As to the fifth factor, monetary sanctions would not be appropriate, given the plaintiff's limited resources. The sixth factor tilts against dismissal: as described in this Court's opinion denying Defendants' motion to decertify the FLSA collective action and granting Plaintiffs' motions to certify three classes, the case presents meritorious claims.  On balance, the *Poulis* factors tilt towards dismissal—but the claims of the Non-Responding Opt-In Plaintiffs shall be dismissed without prejudice.