# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW CARR, TERRY CARR, DAVID TUMBLIN AND GREGORY BROWN, on behalf of themselves and others similarly situated,<br>          Plaintiffs,<br><br>v.<br><br>FLOWERS FOODS, INC. FLOWERS BAKING CO. OF OXFORD, INC.,<br>          Defendants. | CIVIL ACTION<br><br>NO. 15-6391 |

## O R D E R

**AND NOW**, this 7th day of May, 2019, upon consideration of Defendants' Partial Motion for Judgment on the Pleadings (ECF No. 290), Plaintiffs' Response thereto (ECF No. 292), and Defendants' Reply (ECF No. 293), **IT IS ORDERED** that the Motion is **DENIED**.[1]

                                                    **BY THE COURT:**

                                                    **/S/WENDY BEETLESTONE, J.**

                                                    **WENDY BEETLESTONE, J.**

---

[1] Defendants move for judgment on the pleadings pursuant to Rule 12(c) on Plaintiffs' Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. §§ 260.1, *et seq.*, claims. A motion for judgment on the pleadings "should not be granted unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law." *Mele v. Fed. Reserve Bank of New York*, 359 F.3d 251, 253 (3d Cir. 2004), *as amended* (Mar. 8, 2004) (internal quotation marks omitted).

Plaintiffs allege that Defendants violated the PWPCL principally by taking impermissible deductions from their pay. Defendants assert that Plaintiffs have not sufficiently alleged a contractual obligation by Flowers to refrain from taking the deductions, and thus the PWPCL claim is not viable. Generally, courts characterize the PWPCL as "provid[ing] employees with a statutory remedy when an employer breaches its contractual obligation to pay wages." *Ely v. Susquehanna Aquacultures, Inc.*, 130 A.3d 6, 13 (Pa. Super. 2015). The contractual obligation may be express or implied. *See Rapczynski, et al. v. DIRECTV, LLC, & Mastec N. Am., Inc.*, 2016 WL 1071022, at *8-9 (M.D. Pa. Mar. 17, 2016); *see also Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 954 (Pa. Super. 2011), *aff'd*, 106 A.3d 656 (Pa. 2014). Here, Plaintiffs have pled facts indicating that the parties entered into written agreements regarding Plaintiffs' work for Flowers, including Distributor Agreements, and that the Plaintiffs routinely worked in excess of forty hours a week for Flowers. Plaintiffs further allege that Defendants have taken deductions that were not authorized by their agreements or law. Such facts are sufficient to allege, that at a minimum, Flowers created an implied contract to pay wages, and that the deductions were impermissible. *See Rapczynski*, 2016 WL 1071022, at *8 (in PWPCL context, "a promise to pay the reasonable value of the service is implied where one performs for another, with the other's knowledge, a useful service of a character that is usually charged for, and the latter expresses no dissent or avails himself of the service"). Accordingly, judgment on the pleadings is inappropriate.