# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW CARR, TERRY CARR, DAVID TUMBLIN, GREGORY BROWN, and JAMES CHECCA, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>FLOWERS FOODS, INC. and FLOWERS BAKING CO. OF OXFORD, INC.,<br><br>Defendants. | CIVIL ACTION<br><br>No. 15-6391<br><br><br>**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT** |
| LUKE BOULANGE, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLOWERS FOODS, INC. and FLOWERS BAKING CO. OF OXFORD, INC.,<br><br>Defendants. | CIVIL ACTION<br><br>No. 16-2581 |

COME NOW Plaintiffs Matthew Carr, Terry Carr, David Tumblin, Gregory Brown, James Checca, and Luke Boulange (collectively referred to as "Plaintiffs" or "Named Plaintiffs"), and Flowers Foods, Inc. ("Flowers Foods"), by and through their respective counsel, and respectfully file this Unopposed Motion for Final Approval of Class & Collective Action Settlement. In support of this Motion, Plaintiffs state as follows:

1.  Plaintiffs are current and former distributors contracting with Flowers/Oxford. Plaintiffs filed this Action against Defendants on behalf of themselves and a class of distributors

with Flowers/Oxford. Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. §§ 260.1, *et seq.*; the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. C.S.A. §§ 333.101, *et seq.*; the Maryland Wage and Payment Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*; the New Jersey Wage and Payment Law ("NJWPL"), N.J. S.T. 34:11–4.1, *et seq.*; and the New Jersey Wage and Hour Law ("NJWHL"), N.J. S.T. 34:11–56a, *et seq*. (Doc. 302, at p. 1-2). Plaintiffs' claims are all premised on the allegation that Flowers/Oxford improperly classifies its distributors as independent contractors rather than employees. (*Id.*) Plaintiffs claim damages in the form of unpaid overtime for hours worked over forty in a week under the FLSA as well as alleged unlawful deductions and unpaid overtime under the PMWA, MWPCL, NJWPL, or NJWHL. (*Id.*)

2. On January 26, 2017, this Court granted Plaintiffs' motion for conditional certification of the pursuant to § 216(b) of the FLSA. (Doc. 114.) The FLSA Collective Class was defined as:

> All persons who are or have performed work as "Distributors" for either Defendant under a "Distributor Agreement" or a similar written contract with Defendant Oxford Baking Co. that they entered into during the period commencing three years prior to the commencement of this action through the close of the Court determined opt-in period and who file a consent to join this action pursuant to 29 U.S.C. § 216(b).

(*Id.*)

3. Following conditional certification and after completion of discovery, Defendants moved to decertify the FLSA collective action (Doc. 263) and Plaintiffs moved for class certification of their PMWPCL, MWHL, NJWHL, and NJWPL claims (Doc. 264).

4. By Order and Opinions, on May 8, 2019, the Court denied Defendants' motion to

decertify the FLSA Collective and granted Plaintiffs' motion to certify a Rule 23(b)(3) opt-out class for purposes of the PMWPCL, MWHL, NJWHL, and NJWPL claims. (Doc. 302, at p. 15-16, 45). The Class was defined as: "All persons who, at any time from December 1, 2012 continuing through entry of judgment in this case, worked as distributors for Flowers Foods, Inc. and/or Flowers Baking Company of Oxford, Inc., in [Pennsylvania, Maryland, or New Jersey] and were classified as independent contractors under their distribution agreements." (Doc. 302, at p. 16.)

5. The Parties engaged in extensive negotiations in an attempt to settle this matter, conducting three in-person, multiday mediation sessions with the assistance of an experienced mediator. After years of hard-fought litigation and extensive negotiating, the Parties have reached a comprehensive settlement agreement.

6. The settlement provides substantial monetary compensation to all FLSA Collective Members and Class Members participating in the settlement. The settlement also provides non-monetary relief for Class Members who continue to operate as distributors for Defendants.

7. The Settlement is a desirable alternative to the uncertainty, expense, and delay that would result from further litigation, while at the same time providing outstanding benefits to distributors. The Plaintiffs believe the Settlement is in the best interests of all members of the class and collective action, and should be approved by the Court as fair, reasonable, and adequate in all respects. As discussed more fully in the Memorandum in Support of Plaintiffs' Unopposed Motion for Final Approval, the Settlement unquestionably satisfies the Third Circuit's fairness and adequacy tests.

8. In accordance with this Court's June 3, 2020 order granting preliminary approval of the proposed Settlement, Plaintiffs directed best practicable notice to all Class Members. This

Court further scheduled a final hearing on any objections to the Settlement on September 28, 2020.

9. Under Rule 23(e)(2) and the Fair Labor Standards Act, the Parties ask the Court to grant final approval of the proposed Settlement. With this Unopposed Motion for Final Approval of Class & Collective Action Settlement, Plaintiff also submits a Proposed Order granting final approval the Settlement; adjudging it to be fair, reasonable, and adequate; and dismissing this litigation in its entirety with prejudice.

WHEREFORE, Plaintiff respectfully requests that the Court grant final approval of the Settlement and dismiss this litigation in its entirety with prejudice.

Dated: September 21, 2020.

**/s Shawn J. Wanta**

| | |
|---|---|
| Shawn J. Wanta, *pro hac vice* | Charles E. Schaffer |
| Christopher D. Jozwiak, *pro hac vice* | LEVIN SEDRAN & BERMAN |
| Scott A. Moriarity, *pro hac vice* | 510 Walnut Street, Suite 500 |
| BAILLON THOME JOZWIAK & WANTA LLP | Philadelphia, PA 19106 |
| 100 South Fifth Street, Suite 1200 | Telephone: (215) 592-1500 |
| Minneapolis, MN 55402 | Fax: (215) 592-4663 |
| Telephone: (612) 252-3570 | cschaffer@lfsblaw.com |
| Fax: (612) 252-3571 | |
| samoriarity@baillonthome.com | |
| sjwanta@baillonthome.com | |
| cdjozwiak@baillonthome.com | |
| | |
| Gordon Rudd, *pro hac vice* | Susan E. Ellingstad, *pro hac vice* |
| David Cialkowski, *pro hac vice* | Rachel A. Kitze Collins, *pro hac vice* |
| ZIMMERMAN REED LLP | LOCKRIDGE GRINDAL NAUEN P.L.L.P. |
| 1100 IDS Center | 100 Washington Avenue South, Suite 2200 |
| 80 South 8th Street | Minneapolis, MN 55401 |
| Minneapolis, MN 55402 | Telephone: (612) 339-6900 |
| Telephone: (612) 341-0400 | Fax: (612) 339-0981 |
| Gordon.Rudd@zimmreed.com | seellingstad@locklaw.com |
| David.Cialkowski@Zimmreed.com | rakitzecollins@locklaw.com |
| | bdclark@locklaw.com |

Peter Winebrake, *pro hac vice*
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Telephone: (215) 884-2491
pwinebrake@winebrakelaw.com
asantillo@winebrakelaw.com
mgottesfeld@winebrakelaw.com

*Attorneys for Plaintiffs*

5