IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MATTHEW CARR, TERRY CARR, DAVID TUMBLIN AND GREGORY BROWN**, on behalf of themselves and others similarly situated,<br>　　　　　Plaintiffs,<br><br>　　　　v.<br><br>**FLOWERS FOODS, INC. AND FLOWERS BAKING CO. OF OXFORD, INC.**,<br>　　　　　Defendants. | CIVIL ACTION<br><br><br><br>NO.  15-6391 |
| **LUKE BOULANGE**, individually and on behalf of all similarly situated individuals, Plaintiffs,<br><br>　　　　v.<br><br>**FLOWERS FOODS, INC. AND FLOWERS BAKING CO. OF OXFORD, INC.**,<br>　　　　　Defendants. | CIVIL ACTION<br><br><br><br>NO.  16-2581 |

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**WHEREAS** Plaintiffs Matthew Carr, Terry Carr, David Tumblin, Gregory Brown, and Luke Boulange, by and through their counsel, have filed an Unopposed Motion for Final Approval of Class Action Settlement; and

**WHEREAS** the Court having heard and considered all submissions in connection with Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and the files and records herein, as well as the arguments of counsel;

The Court hereby finds and concludes:

1. Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement is **GRANTED**.

2. The Court held a hearing on the proposed settlement on September 28, 2020.

3. This order incorporates the Settlement Agreement submitted to the court on May 24, 2020. (Doc. 322-2) Any capitalized terms used in this Order shall have the meaning or definitions given to them in the Agreement unless specified herein to the contrary.

4. Pursuant to Rule 23(c)(2)(B), this Court finds that Plaintiffs, through their retained Settlement Administrator Atticus Administration, provided the Class Members best practicable notice of the Settlement in accordance with the Notice Plan. No Class Members have submitted timely objections to the Settlement and only one Class Member (Nichole M. Harms) has opted out.

5. The Court finds that a full and fair opportunity has been afforded to the Settlement Class Members to opt out of and to object to the Settlement and to participate in the hearing convened to determine whether the Settlement should be given final approval. Accordingly, the Court hereby determines that Settlement Class Members are bound by this Final Approval Order.

6. Pursuant to Rule 23(e)(2), this Court finds that the Settlement is fair, reasonable, and adequate. This Court further finds that the Settlement, for purposes of the FLSA, resolves a bona fide dispute between the parties and that its terms are fair and reasonable. For these reasons, this Court **APPROVES** the Settlement.

7. The Class & Collective Action Settlement conclusively resolves all FLSA claims by the FLSA Collective in this litigation, defined as follows:

> All persons who are or have performed work as "Distributors" for either Defendant under a "Distributor Agreement" or similar

>written contract with Defendant Oxford Baking Co. that they entered into during the period commencing three years prior to the commencement of this action through the close of the Court determined opt-in period and who file a consent to join this action pursuant to 29 U.S.C. § 216(b).

As the Class & Collective Action Settlement conclusively resolves all FLSA claims by the FLSA Collective (including FLSA claims by Plaintiffs and all Opt-In Plaintiffs) in this litigation, these claims are accordingly **DISMISSED WITH PREJUDICE**.

8. The Class & Collective Action Settlement conclusively resolves all claims by the Class Members in this litigation, defined as follows:

>All persons who, at any time from [specified date] continuing through entry of judgment in this case, worked as distributors for Flowers Foods, Inc. and/or Flowers Baking Company of Oxford, Inc., in [Pennsylvania, Maryland, and New Jersey] and were classified as independent contractors under their distribution agreements.

As this definition is further clarified by the Settlement, it applies to Pennsylvania distributors for the period from December 1, 2012 to April 20, 2019; to Maryland distributors for the period from December 12, 2012 to April 20, 2019; and to New Jersey distributors for the period from March 24, 2014 to April 20, 2019. As the Settlement conclusively resolves all claims by Plaintiffs and Class Members in this litigation, these claims are accordingly **DISMISSED WITH PREJUDICE**, except for Nichole M Harms, who properly excluded herself by submitting a timely request for exclusion in accordance with the requirements set forth in the Settlement Agreement and Class Notice.

9. Cy pres. The Court designates the following organizations to share equally in any residual funds, including unclaimed funds, after all payment to the settlement class members, class counsel, and named plaintiffs have been made and all tax obligations have been satisfied:

>(a) The Pennsylvania IOLTA Board;

      (b) Legal Services of New Jersey; and

      (c) Maryland Legal Aid.

10. All parties to the Settlement Agreement, their Counsel, and the Settlement Administrator, are directed to carry out their obligations under the Settlement Agreement. 11. All parties to this case are **DISMISSED** and judgment in this case shall accordingly be entered by the Clerk.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

                    **IT IS SO ORDERED**

                    **BY THE COURT:**

Dated: **09/29 2020**.

                    /s/Wendy Beetlestone, J.
                    _____

                    **The Honorable Wendy Beetlestone**
                    **United States District Judge**